BAO/AZ 32-800-38-191

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELMHURST LINCOLN-MERCURY, INC. EMPLOYEES 401(k) PROFIT SHARING PLAN AND TRUST, ) ) ) ) Plaintiff, ) vs. ) ) DAVID G. MEARS, ELMHURST ) LINCOLN-MERCURY, INC., ) UNIVERSAL UNDERWRITERS ) INSURANCE COMPANY, and JAMES ) F. BEST, P.C., d/b/a Best Vanderlaan & ) Harrington, ) Defendants. ) | No.: 16-cv-02390<br><br>Judge Manish S. Shah<br>Magistrate Judge Jeffrey Cole |

### UNIVERSAL UNDERWRITER INSURANCE COMPANY's
### MOTION TO DISMISS PURSUANT TO FEDERAL RULES 12(b)(6) AND 16(f)

Defendant, UNIVERSAL UNDERWRITERS INSURANCE COMPANY ("UNIVERSAL"), through its attorneys, CREMER, SPINA, SHAUGHNESSY, JANSEN & SIEGERT, LLC, pursuant to FED. R. CIV. P. 12(b)(6) and FED. R. CIV. P. 16(f), moves this Court for entry of an order dismissing, with prejudice, the ELMHURST LINCOLN-MERCURY, INC. EMPLOYEES 401(k) PROFIT SHARING PLAN AND TRUST ("PLAN")'s ERISA Complaint in its entirety. In support of this motion, UNIVERSAL states as follows:

#### INTRODUCTION

In this case the PLAN is attempting to split off claims that were raised, and then settled, in another lawsuit that is currently pending within the U.S. District Court for the Northern District of Illinois in case no. 13-CV-02694, under the caption *James Weir v. Elmhurst Lincoln-Mercury, Inc. et al.* (hereinafter referred to as "the *Weir* action"). As explained below, the

PLAN's claims against UNIVERSAL are barred, because those claims (i) violate the terms of the PLAN's prior settlement with UNIVERSAL, (ii) violate the prohibition against duplicative lawsuits that are based on the same nexus of operative facts as the pending *Weir* action, (iii) violate the legal doctrine that prohibits claim splitting, (iv) violate the scheduling deadlines in the *Weir* action, and (v) exceed the statutory limitation period for filing such claims. For all of these reasons, the PLAN's case should be dismissed.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (West 2009). Dismissal for failure to state a claim is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'" *Lee v. City of Chicago,* 330 F.3d 456, 459 (7th Cir.2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, (1957)). The Seventh Circuit Court of Appeals has also ruled that district courts may properly dismiss a plaintiff's case before discovery on the basis of a dispositive affirmative matter. See e.g., *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (holding that district court properly considered an unpleaded affirmative defense in the context of Rule 12(b)(6) motion to dismiss); *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009) (affirming dismissal of certain claims based, in part, on the statute of limitations when "the relevant dates [that establish the defense] are set forth unambiguously in the complaint.").

## PROCEDURAL BACKGROUND

The background information set forth in this motion (as well as the contents of its exhibits) is either referenced in the PLAN's Complaint, or else is subject to judicial notice as a

matter of public record from the pending *Weir* action.[1] The PLAN's current action follows the filing of motions in the *Weir* action that resulted in the removal of defendant DAVID MEARS as the PLAN's trustee and the appointment of Mr. Thomas Potts in his place. At present, the PLAN and its new trustee are being represented in this case by the same attorney that is representing James Weir (i.e. the plaintiff in the *Weir* action). The relationship between these two lawsuits calls for an overview of their joint history.[2]

The *Weir* action began on April 11, 2013, when Weir filed his initial (corrected) complaint against defendants ELMHURST LINCOLN-MERCURY, INC ("ELM"); Bright Leasing, Inc. ("BRIGHT"); DAVID G. MEARS; the PLAN; and Oppenheimer & Co, Inc. (*Weir* Doc. No. 5). On July 1, 2013, Weir filed his first amended complaint against the same defendants. (*Weir* Doc. No. 18). The PLAN was served on September 23, 2013 through its then-trustee MEARS. (*Weir* Doc. No. 23). On May 9, 2014, Weir filed a second amended complaint, which added UNIVERSAL as a defendant, based on the claim that UNIVERSAL had breached a fiduciary duty owed to WEIR as one of the PLAN's participants. (*Weir* Doc. No. 52 at pp. 14-15, separately attached hereto as **Exhibit 1**). The alleged breach of fiduciary duty arose from UNIVERSAL's role in the defense and settlement of the *Lureau/Felt* litigation – Case No. 10-CV-4019 in the U.S. District Court for the Northern District to Illinois, and Case No. 08-L-330 in the Circuit Court of Du Page County, IL. (See *id.*). After UNIVERSAL appeared in the

---

[1] The Seventh Circuit Court of Appeals has held that "[t]aking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment. A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012) (citation omitted); see also, e.g., *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (ruling that district court properly considered the public court documents filed in an earlier Indiana state court case in deciding the defendants' motions to dismiss).

[2] To avoid confusion, any reference to a court filing in the *Weir* action is cited as "*Weir* Doc. No." and any reference to a filing in this case is cited as "*Plan* Doc. No."

*Weir* action, Judge Feinerman entered an order on August 11, 2014 that set forth deadlines for the completion of written discovery, the filing of dipositive motions, the amendment of the pleadings, and the addition of new parties. (*Weir* Doc. No. 68).

On December 2, 2014, Judge Feinerman granted Weir's motion to remove MEARS as the PLAN's trustee. (*Weir* Doc. No. 80). That day, Judge Feinerman also extended the deadline to amend the pleadings or add new parties to **2/2/2015**, the deadline for fact discovery to **4/9/2015**, and the deadline for dispositive motions to **5/7/2015**. (*Id.*).

On December 8, 2014, UNIVERSAL initiated a declaratory judgment action in the Cook County Circuit Court under Case No. 2014-CH-19590 (the "Coverage Action"),[3] to obtain a declaration that UNIVERSAL has no coverage obligations to defend or indemnify parties including ELM, BRIGHT, MEARS, and the PLAN, in the *Weir* action.

On January 22, 2015, Judge Feinerman granted Weir's motion to appoint Thomas E. Potts, Jr. as the PLAN's new trustee. (*Weir* Doc. No. 84). On February 12, 2015, after a hearing on the status of discovery, Judge Feinerman referred the *Weir* action to Magistrate Judge Cox for a settlement conference. (*Weir* Doc. No. 86). On March 18, 2015, counsel for Weir, Mr. Glenn Gaffney filed an appearance in this matter on behalf of the PLAN. (*Weir* Doc. No. 90).

On March 26, 2015, Judge Feinerman agreed to extend the discovery deadline in the *Weir* action to **6/30/2015**, and the dispositive motion deadline to **7/1/2015**. (*Weir* Doc. No. 93). Prior to this hearing date, the parties in the *Weir* action did <u>not</u> seek modification of the deadline for the amendment of pleadings and addition of new parties.

---

[3] The operative pleading in the Coverage Action is the First Amended Complaint for Declaratory Judgment. Although the PLAN purports to have attached this pleading as Exhibit E to its Complaint, it is not an accurate copy. For the record, a copy of the First Amended Complaint for Declaratory Judgment is attached hereto (without its own exhibits) as **Exhibit 2**.

On April 15, 2015, there was a hearing before Judge Feinerman on Weir's motion to reassign and consolidate UNIVERSAL's Coverage Action[4] with the *Weir* action. (*Weir* Doc. No. 99) A copy of the transcript for this hearing is attached hereto as **Exhibit 3**. At the conclusion of the hearing, counsel the PLAN and Weir orally requested leave for the PLAN to file its own ERISA claim against UNIVERSAL. (Ex. 3 at p. 11:4-7). The PLAN's counsel stated that such a claim would be "like and similar to the claim made by [WEIR] herein." (*Id.* at p. 11:7-8). Judge Feinerman denied the oral motion by reminding counsel that the time for amending the pleadings had closed. (*Id.* at p. 11:10-19). Judge Feinerman then instructed the PLAN's counsel to submit a written motion for leave to file the PLAN's claims against UNIVERSAL, so that UNIVERSAL could "make whatever procedural or substantive arguments it wants to make." (*Id.* at pp. 11:22 thru 12:4).

On May 6, 2015, Judge Cox conducted a settlement conference between UNIVERSAL on the one hand and Weir and the PLAN on the other. UNIVERSAL contends the parties reached a binding settlement agreement at that conference. Judge Cox's docket entry for that day states: "Parties reached an agreement on the monetary component of the settlement. Parties are ordered to meet and confer regarding non-monetary terms and report back to this Court…." (*Weir* Doc. No. 100). Judge Feinerman acknowledged "the parties' settlement in principle" in his docket entry for May 11, 2015. (*Weir* Doc. No. 101).

During the next four months, on 6/24/2015, 7/14/2015, 8/12/2015, and 9/15/2015, counsel in the *Weir* action provided Judge Cox with updates on their progress in finalizing a written settlement agreement. (*Weir* Doc. Nos. 104, 106, 108, 111). Then, on September 18,

---

[4] WEIR and the PLAN attempted to remove the Coverage Action, but on 5/15/2015, Judge Robert M. Dow granted UNIVERSAL's motion to remand. (See Case No. 15-CV-2400, Doc. No. 17). On 12/7/2015, Judge Feinerman denied Weir's motion to reassign and consolidate as moot. (*Weir* Doc. No. 133).

2015, Mr. Weir and the PLAN filed counterclaims against UNIVERSAL in the Coverage Action alleging, among other things, common law fraud and civil conspiracy. Copies of Weir and the PLAN's counterclaims from the coverage action are attached hereto as **Exhibit 4** and **Exhibit 5**, respectively.[5] These claims were premised on the allegations that were similar or identical to those made in support of the ERISA claim against UNIVERSAL made in the *Weir* action. In fact, portions of the PLAN's and Weir's state court allegations are identical to the allegations in the *Weir* action's Second Amended Complaint. (Compare Ex. 4, *Weir* Doc. No. 144-4 at pp. 66-68, ¶¶ 49-55; and Ex. 5, *Weir* Doc. No. 144-3 at pp. 67-70, ¶¶ 49-55; with Ex. 1, *Weir* Doc. No. 52 at pp. 3-5, ¶¶13-19).

On December 9, 2015, the PLAN sought leave in the *Weir* action to file an ERISA crossclaim against UNIVERSAL based on UNIVERSAL's alleged role in the defense and settlement of the *Lureau/Felt* litigation. (See *Weir* Doc. No. 134-2, separately attached hereto as **Exhibit 6**). After being advised that UNIVERSAL would be opposing the PLAN's motion, Judge Feinerman set a briefing schedule. (*Weir* Doc. No. 137). However, on January 5, 2016, Judge Feinerman denied the PLAN's motion for leave to file new pleadings as moot, because Weir – represented by the same counsel as the PLAN – had moved to voluntarily dismiss Count I of the Second Amended Complaint against the PLAN. (*Weir* Doc. No. 141). Pursuant to Weir's motion, Judge Feinerman dismissed Count I of the Second Amended Complaint without prejudice. (*Id.*).

On February 16, 2016, UNIVERSAL moved to enforce the settlement it negotiated with Weir and the PLAN at the 5/6/2015 settlement conference, regarding their alleged ERISA claims (*Weir* Doc. No. 144). The PLAN subsequently abandoned its efforts to assert further claims

---

[5] Copies of these counterclaims were previously filed as motion exhibits in the *Weir* action. (See *Weir* Doc. Nos. 143-3; 143-4).

6

against UNIVERSAL in the *Weir* action and initiated this case. Like the Second Amended Complaint in the *Weir* action, and the PLAN's abandoned crossclaims in the *Weir* action, this case is based on UNIVERSAL's role in the defense and settlement of the *Lureau/Felt* litigation. (Compare Ex. 1, *Weir* Doc. No. 52 at ¶¶ 44-51; and Ex. 6, *Weir* Doc. No. 134-2 ¶¶ 26-34; with *Plan* Doc. No. 1 ¶¶ 55-63).

## ARGUMENT

In the past year, the claims at issue in the *Weir* action (in all of their various forms) have improperly found their way into other courts. Rather than face determined opposition from UNIVERSAL to its request for leave to file amended pleadings in the *Weir* action, the PLAN is now trying to sidestep the procedural hurdles set by the Federal Rules of Civil Procedure. This case is only the most recent example of the PLAN's evasive procedural maneuvers. But this case clearly relates back to the same factual basis – the same nexus of operative facts – as the *Weir* action. The PLAN's claims against UNIVERSAL are barred, because they: (i) violate the terms of the PLAN's prior settlement with UNIVERSAL; (ii) violate the prohibition against duplicative lawsuits that are based on the same nexus of operative facts (because this case asserts claims that have been asserted in the *Weir* action); (iii) violate the legal doctrine that prohibits claim splitting; (iv) violate the scheduling deadlines in the *Weir* action; and (v) exceed the statutory limitation period for filing such claims.

**A.     The PLAN's claims against UNIVERSAL were settled.**

The PLAN's complaint in this action alleges UNIVERSAL breached fiduciary duties owed to the PLAN under ERISA when UNIVERSAL supposedly exercised control over PLAN funds in the settlement of the *Lureau/Felt* litigation. (*Plan* Doc. No. 1 at ¶¶ 55-63). However, the PLAN's ERISA claims against UNIVERSAL were settled during the settlement conference

held by Judge Cox. Again, UNIVERSAL has filed a motion to enforce that settlement in the *Weir* action. The motion has been fully briefed and is awaiting a ruling. (See *Weir* Doc. Nos. 144, 153-155). UNIVERSAL incorporates its motion to enforce the settlement into this Motion to Dismiss, because in UNIVERSAL's view, the PLAN's filing of this case violates the settlement agreement reached at the settlement conference on 5/6/2015, between UNIVERSAL on the one hand, and the PLAN and Weir on the other. As is set forth in UNIVERSAL's motion to enforce in the *Weir* action, Weir and the PLAN agreed to settle their ERISA claims relating to UNIVERSAL's involvement in the *Lureau/Felt* litigation in exchange for payment of $35,000.

In response to the motion to enforce, Weir and the PLAN's counsel filed a response on behalf of Weir only, (*Weir* Doc. No. 154), that included counsel's sworn statement, (*Weir* Doc. No. 154-1, separately attached hereto as **Exhibit 7**). In his sworn statement, the PLAN's counsel attests to the fact that during the 5/6/2015 settlement conference "Judge Cox *** went back and forth between the parties repeatedly discussing pros and cons of our case, ultimately arriving at a $35,000 figure for potential settlement," (Ex. 7 at ¶ 12), and that "[b]oth PLAN and trustee agreed that $35,000 is an adequate and fair settlement regarding the Lureau/Felt overpayment." (*Id.* at ¶ 20). The PLAN's claim against UNIVERSAL in this case is based on allegations that UNIVERSAL improperly disposed of PLAN assets in the settlement of the *Lureau/Felt* litigation, (*Plan* Doc. No. 1 at ¶¶ 55-63). Thus, the claim asserted against UNIVERSAL here has been settled, and should therefore be dismissed. See, e.g., *United States v. Rogers Cartage Co.*, 794 F.3d 854, 860-62 (7th Cir. 2015) (affirming Rule 12(b)(6) dismissal of complaint barred by prior settlement).

**B.     The PLAN's claims here are duplicative of the claims in the *Weir* action**

The similarities between the PLAN's present action and the *Weir* action serve as a separate and independent basis to dismiss this case. The Seventh Circuit has noted that "[a]s a general rule, a federal suit may be dismissed 'for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram,* 572 F.Supp. 1210, 1213 (N.D. Ill. 1983)). "The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where…two federal judges sitting on the same district court are...devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants." *Serlin*, 3 F.3d at 224 (quoting *Ridge Gold,* 572 F.Supp. at 1213).

Per *Serlin*, two suits are duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold,* 572 F.Supp. at 1213); see also *Wallis v. Fifth Third Bank*, 443 Fed. Appx. 202, 205 (7th Cir. 2011) ("[W]e have sometimes suggested that district courts should stay a second lawsuit pending the outcome of an earlier-filed lawsuit addressing the same issues. But dismissal is appropriate where, as here, the same party has filed both suits, and the claims and available relief do not significantly differ between the two actions."); *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 889 (7th Cir. 2012) (affirming dismissal of duplicative suit, where plaintiffs in prior suit "will be able to obtain complete relief," and "allowing a separate suit seeking the same remedy would be redundant.").

Here, there is no appreciable difference between the claims the PLAN has asserted against UNIVERSAL here and those asserted in the *Weir* action's Second Amended Complaint

(not to mention the proposed "crossclaims" that the PLAN sought leave to file in the *Weir* action prior to filing this action). Although the PLAN was voluntarily "dismissed" from the *Weir* action on 1/5/2016 as a party-defendant, that dismissal was a non-final, interlocutory order. If the PLAN had moved for leave to file its claims in a timely manner (which it did not do), then the PLAN could have sought the same relief in the *Weir* action that seeks here. In this case, the PLAN asserts claims that can no longer be asserted as a matter of right in the *Weir* action, because of the expired deadline on the amendment of pleadings and addition of new parties. Accordingly, based on the holding in *Serlin* and its progeny, all of the PLAN claims in this action should be dismissed.

**C.      This case violates the rule against claim splitting.**

The PLAN's current action is also barred under the doctrine that prohibits the splitting of claims. The Seventh Circuit has instructed: "Two claims arising from the same facts are one claim for res judicata purposes, and may not be split, whether by making each claim the subject of a separate suit, or, if the previous judgment was rendered in a suit that continued against another defendant, by adding the new claim by way of an amendment to the original complaint." *Wilson v. City of Chicago*, 120 F.3d 681, 687 (7th Cir. 1997) (citations omitted); see also, e.g., *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 841 (7th Cir. 2015) (barring plaintiff's suit because of improper claim splitting, where plaintiff's prior suit arose out of the same event and "shared the same core factual basis for res judicata purposes."); *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011) (affirming dismissal of case that was "quintessential example of claim splitting in duplicative lawsuits.")

Federal appellate courts have also observed that "[o]ften, the rule against claim splitting applies to prevent a plaintiff from filing a new lawsuit after the court in an earlier action has

denied the plaintiff's request for leave to amend to add the claims later asserted in the second lawsuit." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 Fed. Appx. 256, 265 (4th Cir. 2008). In that case, the Fourth Circuit affirmed the dismissal of a breach of contract claim based on the rule against claim splitting. *Id.* In arriving at this conclusion, the appellate noted that the plaintiff had sought leave to amend pleadings in a prior action to assert the exact same claim, but only <u>after</u> the relevant deadline for doing so. *Id.* at 264. The trial court in the prior suit had denied leave because the proposed amendment was untimely and without good cause. *Id.* at 264-65. The Fourth Circuit ultimately held that "[d]ismissal pursuant to the rule against claim splitting is appropriate in this case for two reasons. First, it is apparent that [plaintiff] sought to circumvent the [prior] court's decision to deny [its] motion for leave to file an amended complaint…. Second, the…claims at issue are 'on the same subject in the same court, against the same defendant at the same time,' and therefore are in violation of the rule against claim splitting." *Id.* at 265 (citation omitted).

   Trial judges within the Seventh Circuit have applied this doctrine in similar cases. See, e,g., *Telamon Corp. v. Charter Oak Fire Ins. Co.*, Case No. 1:15-cv-01446-RLY-DML, 2016 WL 67297, at *3 (S.D. Ind. Jan. 5, 2016) ("Telamon did not timely assert these claims, and it cannot now circumvent the court's ruling denying its motion for leave to amend in Telamon I by filing the present lawsuit."); *CIVIX-DDI, LLC v. Expedia, Inc.*, Case No. 04-C-8031, 2005 WL 1126906, at *4 (N.D. Ill. May 2, 2005) ("The doctrine of claim splitting prevents Civix from avoiding a potential adverse ruling from the Court regarding the timeliness of asserting the new claims in the Initial Action, by attempting to assert its new claims in the Second Action.").

   This case constitutes an effort to avoid the effect of a late filing in the *Weir* action. On 12/2/2014, Judge Feinerman removed the PLAN's then-trustee, MEARS, from his position on

11

the motion of Mr. Weir. At that time, Judge Feinerman also extended the deadline for amending the pleadings and adding new parties to 2/2/2015. But the PLAN did not seek leave to file an ERISA claim against UNIVERSAL in until over nine months later (on December 9, 2015). Then, after UNIVERSAL opposed the PLAN's motion, the PLAN's counsel arranged to have the PLAN dismissed from the *Weir* action on January 5, 2016, so that the PLAN could file this case. The claims asserted here are based on the same facts that are the subject of Weir's claim against UNIVERSAL in the *Weir* action, making this case what the Seventh Circuit previously described as a "quintessential example of claim splitting in duplicative lawsuits." Accordingly, the PLAN's claims against UNIVERSAL should be dismissed.

**D.     The filing of this case violates the scheduling deadlines in the *Weir* action.**

Again, the PLAN is represented by the attorney as Weir. The PLAN was aware of the deadlines set in the *Weir* action for filing new claims and adding new parties but did not seek to assert the claims at issue here within the time permitted in the *Weir* action. Instead, the PLAN filed this lawsuit. Under these circumstances, UNIVERSAL submits that the filing of this case violated the deadlines set in the *Weir* action, as doing so violated the essence of Judge Feinerman's scheduling deadlines. Accordingly, the cases should be dismissed pursuant to FED. R. CIV. P. 16(f)(1)(C).

**E.     The PLAN's claims against UNIVERSAL are time-barred under ERISA's statute of limitations.**

The PLAN sole cause of action against UNIVERSAL is its ERISA-based Breach of Fiduciary Duty claim in Count II of its ERISA Complaint. (*Plan* Doc. No. 1 at p. 15). This cause of action is subject to the three-year statute of limitations in 29 U.S.C. § 1113, which starts to run "after the earliest date on which the plaintiff had actual knowledge of the breach or violation."

12

In explaining how the 3-year limitations period works, the Seventh Circuit has noted that "to have actual knowledge of a violation to trigger ERISA's three-year statute of limitations, a plaintiff must know of the essential facts of the transaction or conduct constituting the violation" *Martin v. Consultants & Administrators, Inc.*, 966 F.2d 1078, 1086 (7th Cir. 1992). The *Martin* court went on to note that "[w]e know that somewhere between 'every last detail' and 'something was awry' lies the requisite knowledge of an ERISA violation. The proper characterization will usually turn in part on the complexity of the underlying factual transaction, the complexity of the legal claim and the egregiousness of the alleged violation." *Id.*

Here, the PLAN is asserting that UNIVERSAL became a *de facto* ERISA fiduciary by virtue of its exercise of discretionary control over the PLAN's funds in settling the underlying *Lureau/Felt* litigation. (*Plan* Doc. No. 1 at ¶¶ 55-56). UNIVERSAL is alleged to have breached its ERISA-based fiduciary duty to the PLAN, because it was operating under a conflict of interests "in that had it not used PLAN assets to settle the Lureau and Felt litigation, it would have had to pay out its own funds to do so." (*Id.* at ¶ 59). Also, UNIVERSAL is alleged to have breached its ERISA-based fiduciary duty to the PLAN by settling the *Lureau/Felt* litigation "without notifying MEARS, ELM, PLAN, or any PLAN beneficiaries that UNIVERSAL had potential exposure under Part 380 of UNIVERSAL's insurance policy…." (*Id.* at ¶ 60). Finally, UNIVERSAL is alleged to have knowing participated in the cover up of ERISA violations by the of the PLAN's former trustee, MEARS. (*Id.* at ¶ 61).

However, the PLAN was necessarily aware of the alleged ERISA violations (including MEARS's purported misappropriation of the PLAN's own assets) when those violations allegedly took place. Back on July 30, 2010, the amended complaint filed in the underlying *Lureau/Felt* litigation alleged that Michael Lureau's and Martin Felt's interests in the PLAN

13

amounted to over $240,000, but that the balance of the PLAN's funds on deposit was only $161,000. (See Case No. 10-CV-4019, Doc No. 16 at ¶¶ 34-35, separately attached hereto as **Exhibit 8**). Thus, the allegation that that PLAN was substantially underfunded was a matter of public record no later than July 30, 2010. Because the PLAN had "actual knowledge" of the alleged ERISA breach (as defined by the Seventh Circuit in *Martin*), its ERISA claims against UNIVERSAL based on the state of the PLAN's assets necessarily accrued as of that date. Therefore, the time for bringing an ERISA claim against UNIVERSAL based on its role in MEARS's alleged misappropriation of PLAN assets expired no later than July 30, 2013, which is years before the PLAN filed its current action in this matter. In similar fashion, the time for bringing an ERISA claim against UNIVERSAL for its role in the settlement of the *Lureau/Felt* litigation expired no later than January 4, 2015.

## CONCLUSION

For the reasons stated above, the PLAN's suit is barred because it (i) violates the terms of the PLAN's prior settlement with UNIVERSAL, (ii) violates the prohibition against duplicative lawsuits that are based on the same nexus of operative facts as the pending *Weir* action, (iii) violates the legal doctrine that prohibits claim splitting, (iv) violates the scheduling deadlines in the *Weir* action; and (v) exceeds the statutory limitation period for filing such claims.

WHEREFORE, Defendant, UNIVERSAL UNDERWRITERS INSURANCE COMPANY respectfully requests that this Court enter an Order dismissing the Complaint filed by Plaintiff, ELMHURST LINCOLN-MERCURY, INC. EMPLOYEES 401(k) PROFIT SHARING PLAN AND TRUST, and for any other appropriate relief.

UNIVERSAL UNDERWRITERS
INSURANCE COMPANY

/s/ Brian A. O'Gallagher
By one of its attorneys

Brian A. O'Gallagher (ARDC# 6211445)
Alex Zagor (ARDC #6301234)
CREMER, SPINA, SHAUGHNESSY,
JANSEN & SIEGERT, LLC
One North Franklin St, 10th Floor
Chicago, Illinois 60606
Phone: 312-726-3800
Fax: 312-726-3818
32-800/doc#341495

15